**FILED**
**JUL 12 2013**
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
BENTON OFFICE

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARK ANDERSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATE DEPARTMENT OF ) <br> AGRICULTURE, and ILLINOIS ) <br> DEPARTMENT OF AGRICULTURE ) <br> and FARM SERVICES AGENCY, ) <br> and its employees, servants, and agents ) <br> acting on its behalf, ) <br> ) <br> Defendants. ) <br> ) | Case No. 13-672 JPG/PMF <br><br> **COMPLAINT AND JURY DEMAND** |

AN ACTION FOR CIVIL RIGHTS VIOLATION

NOW COMES plaintiff, MARK ANDERSON, *pro se*, upon information and belief, at all times hereinafter mentioned, complaining of defendants alleges as follows:

JURISDICTION AND VENUE

1. Subject matter jurisdiction is invoked under 28 U.S.C. §1331 and §1332 because the amount in controversy as to the plaintiff exceeds $75,000.00, exclusive of interest and costs, and on the basis that the defendant United States Department of Agriculture (hereinafter referred to as "USDA") has its principal place of business located in Washington, D.C. requiring diversity of jurisdiction, and on the basis that it violated the civil rights of plaintiff causing harm, damage, and loss of income; and the Illinois Department of Agriculture (hereinafter referred to as IDA), and the Farm Servicing Agency (hereinafter referred to as FSA) have their principal

1

places of business in the state in which the plaintiff resides. The court has jurisdiction over this matter pursuant to 42 U.S.C. §1986 for violating plaintiff's civil rights.

2. Venue is proper in this district as defendants are located in and transact business in this district and is subject to the jurisdiction of this court.

## THE PARTIES

3. Plaintiff is a citizen of the State of Illinois, County of Williamson, who resides at 1527 Tyler Bridge Road, Creal Springs, Illinois alleging that his civil rights were violated when the USDA failed to investigate claims of disease, contamination, virus, or other infectious illnesses tainting and causing the death of his cattle.

4. Defendant the USDA is a federal government agency, having its principal place of business located at 1400 Independence Avenue, SW, Washington, D.C. and operating and existing under the laws of the United States of America abiding under the codes, statutes, rules, regulation, policies, and procedures of the federal government specifically administered for each state as it relates to farming, agriculture, and livestock, or such other terms used to define its duties.

5. Defendant IDA is a state government agency, having its principal place of business and address at P.O. Box 19281, Springfield, Illinois, operating and existing under the laws of the State of Illinois in accordance with the codes, statutes, rules, regulations, policies, and procedures of the state and federal government specifically administered for barns, farms, agriculture, livestock, or such other terms used to define its duties.

6. FSA is a division of the USDA having its principal place of business located at 502 Comfort Drive, Suite A, Marion, Illinois operating and existing under the laws of the United States of America abiding under the codes, statutes, rules, regulation, policies, and procedures of

the state and federal government specifically administered for each state as it relates to farming, agriculture, and livestock, or such other terms used to define its duties in the administration of government loans and grants.

## STATUTORY PROVISIONS

A.  <u>Action for Neglect to Prevent</u>

The Civil Rights violation 42 USC §1986 provides every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refused to do so, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action; and if the death of any party be caused by any such wrongful act and neglect, the legal representatives of the deceased shall have such action therefore, and may recover not exceeding $5,000 damages therein, for the benefit of the next of kin of the deceased. But no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued.

B.  <u>7 CFR 2710-4(2) Initial Request for Records</u>

The information Access and Disclosure Officer is authorized to:

(1)  Grant or deny requests for OIRM records.
(2)  Make discretionary releases of OIRM records when it is determined that the public interests in disclosure outweigh the public and/or private ones in withholding.
(3)  Reduce or waive fees to be charged where determined to be appropriate.

3

      C.      <u>42 USC §2000d-1 and §2000d-7 Civil Rights Remedies Equalization</u>

Each Federal department and agency which is empowered to extend Federal financial assistance to any program or activity, by way of grant, loan, or contract other than a contract of insurance or guaranty, is authorized and directed to effectuate the provisions of section 2000d of this title with respect to such program or activity by issuing rules regulations, or orders of general applicability which shall be consistent with achievement of the objectives of the statute authorizing the financial assistance in connection with which the action is taken. No such rule, regulation or order shall become effective unless and until approved by the President. Compliance with any requirement adopted pursuant to this section may be effected.

     (1)    by the termination or refusal to grant to continue assistance under such program or activity to any recipient as to whom there has been an express finding on the record, after opportunity for hearing, or a failure to comply with such requirement by such termination or refusal shall be limited to the particular political entity, or party thereof, or other recipient as to whom such a finding has been made, and shall be limited in its effect to the particular program, or part thereof, in which such noncompliance has been so found, or

     (2)    by any other means authorized by law: Provided, however, that no such action shall be taken until the department or agency concerned has advised the appropriate person or persons of the failure to comply with the requirements and has determined that compliance cannot be secured by voluntary means. In the case of any action terminating, or refusing to grant or continue, assistance because of failure to comply with a requirement imposed pursuant to this section, the head of the Federal department or agency shall file with the committees of the House and Senate having legislative jurisdiction over the program or activity involved a full written

4

report of the circumstances and the grounds for such action. No such action shall become effective until thirty days have elapsed after the filing of such report.

(a) <u>General Provision</u>

(1) A state shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal court for a violation of section 504 of the Rehabilitation act of 1973 [29 U.S.C. 794], title IX of the Education Amendments of the 1962 [20 U.S.C. 1681 et seq.], the Age Discrimination Act of 1975 [42 U.S.C. 6101 et seq.], title VI of the Civil Rights Act of 1964 [42 U.S.C. 2000d et seq.], or the provisions of any other Federal statute prohibiting discrimination by recipients of Federal financial assistance.

(2) In a suit against a State for a violation of a statute referred to in paragraph (1), remedies (including remedies both at law and in equity) are available for such a violation to the same extent as such remedies are available for such a violation in the suit against any public or private entity other than a State.

D. <u>Whistleblower Act</u>

A whistleblower is a person who exposes misconduct, alleged dishonest or illegal activity occurring in an organization. The alleged misconduct may be classified in may wais; for example, a violation of a law, rule, regulation and/or a direct threat to public interest, such as fraud, health and safety violations, and corruption. Whilstleblowers may make their allegations internally (for example, to other people within the accused organization) or externally (to regulators, law enforcement agencies, to the media or to groups concerned with the issues)

5

## COUNT I

### CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C. §1986 FOR FAILING TO INVESTIGAGE CRIMINAL CONDUCT BY A CONVICTED CATTLE DEALER NOT REGISTERED AND OPERATING WITHOUT PERMITS OR HEALTH CERTIFICATES

7.  Upon information and belief, on or about January 29, 2010, IDA responded to plaintiff's multiple complaints dating back to 2009 about the farm and cattle ranch operated by a known convicted felon, parolee, Ron Shepard, whose cows were loose, trespassing and co-mingled with plaintiff's cattle, causing illness, disease, and death. Defendants acted with knowledge, reckless disregard, and/or deliberate ignorance of the fact that Ron Shepard was the subject of a federal, criminal investigation, annexed hereto as *EXHIBIT "A"*.

8.  Upon information and belief IDA investigated the complaints made by plaintiff and concluded that there was no disease or contamination spread to plaintiff's cattle as a result of Ron Shepard's cattle trespassing and co-mingling with plaintiff's cattle and submitted report Nos. 0117, 0509, 1141, 1145, 1146, 1148, 1171, and 1357, annexed hereto as *EXHIBIT "B"*.

9.  Plaintiff continued to make complaints to state officials as his cattle were showing signs of illness. In 2011, plaintiff was forced to sell his few remaining cattle to avoid the financial loss of losing his entire herd to disease. Consequently, plaintiff was forced out of the cattle business which is inherent to his life style and had been practiced by his family for three generations.

10. Plaintiff made written complaints to IDA, and to public and government officials of the State of Illinois, that Ron Shepard was dealing cattle across state lines without health certificates and/or permits, which fact is confirmed in the IDA report, Docket No. 2010-0117, referred to in *Exhibit B* herein above.

11.     Upon information and belief, IDA knew or should have known, by the admission of Ron Shepard, that his cattle died and were contagious with "pink eye". The IDA Docket No. 2010-1141 indicates that the inspector noted a dead Hereford steer calf in his report on October 12, 2010 referred to in *Exhibit B* herein above.  Plaintiff alleges that the USDA and IDA neglected to properly investigate plaintiff's complaint's causing him harm, damages, loss of livestock, and loss of income.  Plaintiff alleges that although IDA was aware that Ron Shepard was dealing and transferring cattle across state lines without registration, health certificates and permits, it took no action until May 9, 2011 after which time plaintiff had suffered disaster, damages, and financial loss, annexed hereto as *EXHIBIT "C"*.

12.     Upon information and belief, defendants acted with knowledge, reckless disregard, and/or deliberate ignorance of the fact that Ron Shepard was the subject of a federal, criminal investigation and in the course of gathering evidence, allowed plaintiff to suffer damages thus denying the substance of his complaints.

## COUNT II

### FRAUD AND MISREPRESENTATION AND VIOLATION OF 7 C.F.R §2710.4 (2)

13.     Plaintiff contacted the USDA Civil Rights Division and filed a complaint alleging that he was forced out of the cattle business as a direct result of negligence and failing to investigate his complaint regarding the criminal conduct of Ron Shepard.

14.     Upon information and belief, the USDA never reviewed the evidence, did not contact plaintiff to substantiate the allegations, and closed the file, Complaint No. 12-5741.

15.     Plaintiff's representative contacted the USDA Public Affairs Department to request an inspection of the property and to have the property assessed for environmental hazards. Photographs of dead and diseased cattle were sent to the USDA to qualify the fact that a

7

biological phenomena was affecting cattle in close proximity to Ron Shepards's ranch, annexed hereto as **EXHIBIT "D"**.

16. Upon information and belief, On May 16, 2012, the USDA Public Affairs representative responded that the USDA filed an administrative complaint against Ron Shepard for violations of the Packers and Stockyards Act ("PSA"), annexed hereto as **EXHIBIT "E"**.

17. Upon information and belief, the USDA and the Farm Servicing Agency ("FSA") were notified regarding plaintiff's hardship for approximately two years before the USDA filed an administrative complaint against Ron Shepard during which time the USDA knew or should have known that Ron Shepard was committing criminal acts. The USDA filed a complaint against Ron Sheppard on April 12, 2012, annexed hereto as **EXHIBIT "F"**. Plaintiff alleges upon information and belief that Ron Shepard is incarcerated for crimes as alleged herein, but prosecution was not as a result of the complaint by the USDA. Plaintiff alleges upon information and belief that the USDA withdrew its complaint against Ron Shepard.

18. Upon information and belief, the USDA deliberately and intentionally failed to investigate, protect, and secure plaintiff's right to operate his cattle business thus causing plaintiff to suffer harm, damages, loss of livestock, and loss of income. Moreover, the USDA violated plaintiff's civil rights by failing to act and neglecting to prevent the criminal acts of Ron Shepard who is a known convicted cattle dealer, and having the power to prevent or aid in preventing the commission of the same, neglected or refused to do so. The USDA and IDA are liable to plaintiff for the death of his cattle and the ruin of his business pursuant to 42 U.S.C. §1986.

19. Upon information and belief, the USDA and IDA committed acts of fraud and misrepresentation in failing to divulge information in a FOIL request made by plaintiff; in failing

8

to represent to plaintiff that it knew or should have known about the criminal acts and federal investigation of Ron Shepard; in failing to substantiate plaintiff's claim that his civil rights had been violated; in failing to protect plaintiff during a federal investigation in which the USDA was a collusive party with the Illinois Parole Division; the U.S. Department of Justice, and any other government or federal agency responsible for the prosecution of Ron Shepard. Plaintiff's communications to the USDA regarding the criminal acts of Ron Shepard preceded the complaint filed by the USDA although it denied any knowledge thereof. The USDA was involved in collusion to prosecute Ron Shepard for crimes against the State of Illinois and in so doing put plaintiff at risk.

## COUNT III

### VIOLATION OF 42 U.S.C. §§2000d-1 and 2000d-7

20. Plaintiff requested emergency relief from the USDA concerning environmental hazards due to disposal of dead cattle. However, the USDA determined that the disease and death of plaintiff's cattle was not a foreign animal disease nor an endemic disease program and, therefore, wouldn't fall under APHIIS' jurisdiction. The USDA determined that unless part of a State-Federal Cooperative Agreement or other emergency authorization, dead cattle disposal is the cattle owner's responsibility, annexed hereto as *EXHIBIT "G"*.

21. Plaintiff has a loan with the FSA Loan 44-01 which became delinquent on January 1, 2011 in the amount of $6,800.00. Plaintiff made primary loan servicing request but was denied because plaintiff did not have a feasible plan to consider all restructuring options, annexed hereto as *EXHIBIT "H"*. Plaintiff and the FSA had hearings, mediations, and administrative proceedings regarding the loan default and restructuring options. The FSA decided to deny plaintiff any further extensions. Plaintiff's default on the FSA loan resulted in

an outstanding debt which is a lien against plaintiff's assets and is offset by the seizure of plaintiff's tax returns for the past two years. Plaintiff inquired about FSA resources for farmers in rural areas with particular hardships but was advised that there were no resources to aide in recovery from the biological disaster spread at plaintiff's ranch.

22. Upon information and belief, the FSA based its decision on plaintiff's debt-to-income ratio considering other debts, but did not take into account the cost of the biological disaster, cost of clean up, and loss of cattle which would have permitted plaintiff to earn substantial income and repay his FSA loan. Plaintiff is in possession of farm equipment financed through the FSA loan program, but has not been able to resume farming, herding and selling cattle. Upon information and belief, the USDA, IDA, and FSA were negligent in investigating plaintiff's complaints; in considering the inherent cause of plaintiff's loss; and in failing to provide plaintiff with emergency resources, or to consider all restructuring options which caused plaintiff harm, damages, and loss of income.

## COUNT IV

### THE WHISTLEBLOWER ACT

23. Plaintiff is not a government employee but engaged in practices regulated by the state and Federal government, i.e., farming, breeding, selling and trading livestock in the State of Illinois. Plaintiff is an agent of the state and is required to operate under the laws governing agriculture, animal and plant, health and safety regulations, as well as rules governing commerce. Plaintiff exercised his civil responsibility to alert the USDA, IDA, FSA and other Federal, and state officials regarding abuses to animals, violations of federal and state laws to protect the public from health and safety risks, and criminal conduct in domestic and international commerce, annexed hereto as *EXHIBIT "I"*. As a result of the intentional

disregard, wanton negligence, and deliberate misrepresentations of defendants, plaintiff was caused to suffer loss of business inherent to his family for over three generations, and loss of income. Additionally, plaintiff was caused to incur excessive expenses causing him to default on a FSA loan for farming equipment and a tractor, which debts are a lien against plaintiff's assets resulting in seizure, levy, and the inability to recover from such damages caused by defendants.

24.    Upon information and belief, as a result of plaintiff's complaint and alerting defendants that Ron Shepard was threatening the health, safety, and commerce of the State of Illinois and more specifically caused plaintiff damages, the USDA, IDA, and FSA failed to substantiate the facts in their investigation, refused to extend plaintiff government funding, grants, or loans, and has taken no responsibility to aide plaintiff in the recovery of his farm, cattle ranch, or for damages caused by defendants' negligence.

PRAYER FOR RELIEF

WHEREFORE, plaintiff demands judgment against the Defendants on the claims herein above in the amount of ONE MILLION DOLLARS ($1,000,000.00) on the causes of action as follows:

I:    For any other causes of action and/or claims as may be compensable through local laws and/or statutes as may apply under the laws in the jurisdiction and venue in which this case will be trial ready.

Awarding compensatory damages to plaintiff for past and future damages, including but not limited to animal cruelty resulting in death, loss of income, loss of business, together with interest and costs as provided by law;

II: Punitive and/or exemplary damages for the wanton, willful, fraudulent, reckless acts of defendants who demonstrated a complete disregard and intentional indifference for the safety, and welfare of the general public and to the plaintiff in an amount sufficient to punish defendants and deter future similar conduct.

III: Awarding all applicable statutory damages of the state whose laws will govern this action:

IV: Awarding a percentage of the money recovered by the government in the prosecution of Ron Shepard and/or recovery of damages and expenses incurred as a result of fraud, misrepresentation, and negligence;

Awarding plaintiff reasonable fees, and costs of these proceedings; and for,

Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury as to all issues.

Respectfully submitted,

MARK ANDERSON
*Plaintiff, Pro Se*
1527 Tyler Bridge Road
Creal Springs, IL 62922
(618) 922-6798

Dated: June 28, 2013

## CERTIFICATION

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verify believes the same to be true.

*[signature]*
MARK ANDERSON

Dated: June 28, 2013