IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MARK ANDERSON,

    Plaintiff,

vs.

UNITED STATES DEPARTMENT OF
AGRICULTURE, ILLINOIS DEPARTMENT
OF AGRICULTURE and FARM SERVICES
AGENCY,

    Defendant.

Case No. 13-cv-672-JPG-PMF

**MEMORANDUM AND ORDER**

    This matter comes before the Court on plaintiff Mark Anderson's motions for default and default judgment against defendants United States Department of Agriculture ("USDA") and Farm Services Agency ("FSA") (Docs. 30 & 33).  The Court notes that the Clerk of Court entered default against the USDA and FSA on January 27, 2014 (Doc. 36).

    Federal Rule of Civil Procedure 55(b)(2) allows a party to apply for judgment by default after an entry of default has first been made.  *See, e.g., UMG Recordings, Inc. v. Stewart*, 461 F. Supp. 2d 837, 840 (S.D. Ill. 2006) ("Obtaining a default judgment entails two steps ... [the first of which requires a] party seeking a default judgment ... [to] file a motion for entry of default with the clerk of a district court by demonstrating that the opposing party has failed to answer or otherwise respond to the complaint....").  Therein lies Anderson's first problem.  He failed to obtain an entry of default prior to moving for default judgment.

    Even if Anderson had received entry of default from the Clerk of Court prior to filing a motion for default judgment, the Court finds service has not been properly effectuated.  It

appears that plaintiff Mark Anderson did not serve the USDA in the manner required under Federal Rule of Civil Procedure 4(i)(2) and therefore is not entitled to entry of default.

Pursuant to Rule 4(i)(2), service on a United States agency is effectuated by serving the United States and sending a copy of the summons and complaint via registered or certified mail to the agency. A plaintiff effectuates service on the United States by following the steps set forth in Federal Rule of Civil Procedure 4(i)(1), which includes service upon "the United States attorney for the district where the action is brought." Anderson failed to follow these steps. Accordingly, the Court **VACATES** the entry of default against the USDA and FSA (Doc. 36) and **DENIES** Anderson's requests for entry of default against the USDA and FSA (Docs. 30 & 33). The Court further **DENIES** Anderson's motions for default judgment (Docs. 30 & 33).

The Court notes Anderson filed his complaint on July 12, 2013. Pursuant to Federal Rule of Civil Procedure 4(m), a plaintiff must serve a defendant within 120 days of filing the complaint. If the plaintiff fails to obtain service within that time frame, "the court – on motion or on its own motion after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Here, clearly more than 120 days have elapsed since Anderson filed his complaint and he has yet to properly effectuate service on the USDA and FSA. Accordingly, the Court **ORDERS** plaintiff Mark Anderson to **show cause on or before March 21, 2014**, why his failure to properly serve the USDA and FSA should not result in dismissal of his action against the USDA and FSA.

**IT IS SO ORDERED.**

**DATED:** February 21, 2014

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
