IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARK ANDERSON,<br><br>            Plaintiff,<br><br>     vs.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE, ILLINOIS DEPARTMENT OF AGRICULTURE and FARM SERVICES AGENCY,<br><br>            Defendant. | Case No. 13-cv-672-JPG-PMF |

**MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff Mark Anderson's response (Doc. 38) to this Court's show cause order (Doc. 37).  On February 21, 2014, this Court ordered Anderson to show cause (Doc. 37) why his case against the United States Department of Agriculture ("USDA") and Farm Services Agency ("FSA") should not dismissed for his failure to properly serve the USDA and FSA.  The Court explicitly instructed Anderson that service must be made as follows:

> Pursuant to Rule 4(i)(2), service on a United States agency is effectuated by serving the United States and sending a copy of the summons and complaint via registered or certified mail to the agency.  A plaintiff effectuates service on the United States by following the steps set forth in Federal Rule of Civil Procedure 4(i)(1), which includes service upon "the United States attorney for the district where the action is brought."

Doc. 37, p. 2.  This is not the first order the Court has entered regarding Anderson's failure to properly effectuate service (*See* Doc. 13 & 24).

On March 17, 2014, Anderson filed his response insisting that he had properly effectuated service and attached certified mail receipts as proof.  Those certified mail receipts indicate the following addresses:

>USDA
>Office of General Counsel
>1400 Independence Ave. S.W.
>Washington, D.C. 20250-0506
>
>USDA/Farm Service Agency
>3500 Wabash Ave.
>Springfield, IL 62711-8287
>
>U.S. Attorney General
>950 Pennsylvania Ave. N.W.
>Washington, D.C. 20530
>
>U.S. Department of Justice
>U.S. Attorney General
>950 Pennsylvania Avenue
>Washington, D.C. 20530

Doc. 38-1, pp. 3-4.  However, despite the Court's explicit service instructions, Anderson failed to provide proof that he effectuated service on "the United States attorney for the district where the action is brought."  Rather, Anderson states in his show cause order that the Court was at fault for "misapprehend[ing] the statute in its first decision to deny plaintiff's request for default by specifically setting forth [Federal Rule of Civil Procedure 4(i)(2) as the method of service upon defendants."  Doc. 38, p. 2.

As the Court stated in its previous order, the Rules clearly state that service upon a United States agency is effectuated by serving the United States and sending a copy of the summons and complaint via registered or certified mail to the agency.  A plaintiff effectuates service on the United States by following the steps set forth in Federal Rule of Civil Procedure 4(i)(1), which includes service upon "the United States attorney for the district where the action is brought."   Here, it is clear that Anderson has failed to effectuate service on the FSA and USDA because he has never served the local United States Attorney's office.

The Court notes Anderson filed his complaint on July 12, 2013.  Pursuant to Federal Rule of Civil Procedure 4(m), a plaintiff must serve a defendant within 120 days of filing the complaint.  If the plaintiff fails to obtain service within that time frame, "the court – on motion or on its own motion after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4(m).  Here, clearly more than 120 days have elapsed since Anderson filed his complaint and he has yet to properly effectuate service on the USDA and FSA.  Further, Anderson has failed to offer a sufficient reason for his failure to serve the United States despite this Court's explicit instructions in its previous orders.  Accordingly, as this Court warned Anderson in its show cause order, the Court **DISMISSES without prejudice** defendants USDA and FSA for Anderson's failure to properly effectuate service with 120 days pursuant to Federal Rule of Civil Procedure 4(m).

**IT IS SO ORDERED.**

**DATED:** May 1, 2014

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**