IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MARK ANDERSON,

    Plaintiff,

vs.

UNITED STATES DEPARTMENT OF
AGRICULTURE, ILLINOIS DEPARTMENT
OF AGRICULTURE and FARM SERVICES
AGENCY,

    Defendant.

Case No. 13-cv-672-JPG-PMF

**MEMORANDUM AND ORDER**

    This matter comes before the Court on Anderson's motion for recusal (Doc. 40).  For the following reasons, the Court denies the motion.

    On May 1, 2014, this Court dismissed defendants United States Department of Agriculture and Farm Services Agency for Anderson's failure to effectuate service within 120 days as required by Federal Rule of Civil Procedure 4(m).  Accordingly, the only remaining defendant is the Illinois Department of Agriculture ("IDOA").  After the Court dismissed the USDA and FSA, Anderson filed a motion to recuse the undersigned Judge.  .

    Anderson seeks the recusal of the undersigned Judge arguing that "Judge Gilbert cannot be impartial in this case as his decision, or lack of decision, have no basis in law, statute, or rule and are otherwise an abuse of discretion."  Doc. 40, p.2.  He further argues that the undersigned Judge "has blatantly misapprehended the statutes in his Memorandum and Order date February 21, 2014."  Doc. 40, p. 2.  Finally, Anderson cites to the Illinois statute regarding the substitution of a judge regarding involvement of a judge and substitution as of right.

As an initial matter, the Illinois rules cited by Anderson regarding substitution are not applicable to Anderson's claims filed in federal court. The following is the statute relevant to disqualification of a district court judge:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned. (b) He shall also disqualify himself in the following circumstances: (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding . . . .

28 U.S.C. § 455. The standard set forth by this provision is objective and "asks whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits." *In re Hatcher*, 150 F.3d 631, 637 (7th Cir. 1998) (quoting *Hook v. McDade*, 89 F.3d 350, 354 (7th Cir. 1996)). The decision to recuse turns not on the judge's actual partiality but on the appearance of partiality. *Hatcher*, 150 F.3d at 637 (citing *Liteky v. United States*, 510 U.S. 540, 548 (1994)). "[T]he judge's actual state of mind, purity of heart, incorruptibility, or lack of partiality are not the issue." *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993). "Section 455(a) requires recusal if the judge's impartiality might reasonably be questioned by a well-informed, thoughtful observer rather than to a hypersensitive or unduly suspicious person." *O'Regan v. Arbitration Forums, Inc.*, 246 F.3d 975, 988 (7th Cir. 2001) (internal quotations omitted); *accord Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995). The risk of perceived partiality must be "substantially out of the ordinary" before recusal is justified. *Hook*, 89 F.3d at 354 (citing *In re Mason*, 916 F.2d 384, 385-86 (7th Cir. 1990)). Each occasion to consider recusal must be evaluated on its own facts and circumstances. *Nichols*, 71 F.3d at 351.

A judge has an obligation to hear cases before him where there is no legitimate reason for recusal. *New York City Hous. Dev. Corp. v. Hart*, 796 F.2d 976, 980-81 (7th Cir. 1986); *Nichols*, 71 F.3d at 351. "The statute must not be so broadly construed that it becomes, in effect,

presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *Id.* (internal quotations omitted).  The Court is also mindful that the statute is not a judge-shopping device. *Nichols*, 71 F.3d at 351; *Hook*, 89 F.3d at 354.

Here, Anderson insists that the undersigned Judge is impartial because of an alleged error of law.  However, even if the undersigned Judge did misapply the law, a judge's misapplication of the law is not a ground for recusal.  Rather, an appeal is the appropriate tool to address the misapplication of law.  As the Court previously explained to Anderson, the Federal Rules of Civil Procedure require that Anderson serve the local United States Attorney's Office, among others, to effectuate service on the United States.  Anderson failed to serve the local United States Attorney's Office, and that reason, rather than impartiality, is the reason why this Court denied Anderson's motion for default judgment and dismissed two of the defendants.  Because Anderson has failed to cite to any reasons that require recusal, the Court **DENIES** the motion for recusal (Doc. 40).

**IT IS SO ORDERED.**

**DATED:** May 9, 2014

> s/ J. Phil Gilbert
> **J. PHIL GILBERT**
> **DISTRICT JUDGE**