IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MARK ANDERSON,

    Plaintiff,

vs.

UNITED STATES DEPARTMENT OF AGRICULTURE, ILLINOIS DEPARTMENT OF AGRICULTURE and FARM SERVICES AGENCY,

    Defendant.

Case No. 13-cv-672-JPG-PMF

**MEMORANDUM AND ORDER**

This matter comes before the Court on (1) defendant Illinois Department of Agriculture's ("IDOA") motion to dismiss (Doc. 10) to which plaintiff Mark Anderson responded (Doc. 23). For the following reasons, the Court grants the motion to dismiss

1. Background

On May 1, 2014, this Court dismissed defendants United States Department of Agriculture and Farm Services Agency for Anderson's failure to effectuate services with 120 days as required by Federal Rule of Civil Procedure 4(m). Accordingly, the only remaining defendant is the IDOA. Taking Anderson's complaint as true, the following are the facts relevant to Anderson's claims against the IDOA. Anderson, who resides in Creal Springs, Illinois, long believed that his neighbor, Ron Shepard, was in violation of the law for failing to properly care for his cattle. Further, Anderson believed Shepard's cattle gave Anderson's cattle various diseases, including pink eye, causing the death of Anderson's cattle.

Beginning in 2009, Anderson reported his concerns to the IDOA. The IDOA conducted an investigation and concluded Anderson's cattle were not infected by Shepard's cattle. After

the IDOA's investigation, Anderson continued to complain about the apparent illness of Shepard's cattle and dead cattle on Shepard's property.  As a result of the disease Anderson's cattle obtained from Shepard's cattle, Anderson was forced to sale his remaining cattle.  Anderson alleges that the IDOA's failure to investigate his complaints caused "him harm, damages, loss of livestock, and loss of income."  Doc. 1, p. 7.  At some point after the investigation, Anderson made a Freedom of Information Act request to the IDOA and alleges the IDOA withheld information in that request.   Anderson does not specifically allege what documents the agencies withheld, but indicates they withheld documents that would "substantiate [Anderson]'s claim that his civil rights had been violated."

Anderson filed his pro se complaint alleging the following causes of action: (1) Count One – civil conspiracy claim pursuant to 42 U.S.C. § 1986; (2) Count Two – a claim pertaining to a records request alleging fraud and misrepresentation and a violation of 7 C.F.R. 2710.4(2); (3) Count Three[1] – claims arising under 42 U.S.C. § § 2000d-1 and 2000d-7; and (4) Count Four – a claim under an unspecified Whistleblower Act.  Counts One, Two and Four state claims against the IDOA.

IDOA's motion to dismiss argues that (1) Anderson has failed to state a conspiracy claim; (2) Anderson failed to plead his fraud and misrepresentation claims with particularity in accordance with Rule 9(b); (3) the federal claims for damages are barred by the Eleventh Amendment; (4) Anderson failed to state a claim under 42 U.S.C. § 1986; (5) Anderson's discrimination claims pursuant to § 2000d fail because Anderson failed to state that he is a

---

[1] Anderson only alleges Count Three against USDA and FSA.  Anderson does mention the last sentence of this Count that "USDA, ID[O]A, and FSA were negligent in investigating plaintiff's complaints; in considering the inherent cause of plaintiff's loss; and in failing to provide plaintiff with emergency resources, or to consider all restructuring options which caused plaintiff harm, damages, and loss of income."  However, the factual allegations in this Count were solely against USDA and FSA.  Even if Anderson did intend to make this claim against IDOA, it clearly does not contain sufficient allegations to put the IDOA on notice of the claim against it and the statute itself reference federal aid rather than state aid.

member of a protected class or that IDOA discrimination against him; and (6) Anderson's state-law claims are barred by state sovereign immunity. The Court will now consider the IDOA's motion to dismiss.

    2.  Analysis

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atl.*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Bell Atl.*, 550 U.S. at 556).

In *Bell Atlantic*, the Supreme Court rejected the more expansive interpretation of Rule 8(a)(2) that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). *Bell Atlantic*, 550 U.S. at 561–63; *Concentra Health Servs.*, 496 F.3d at 777. Now "it is not enough for a complaint to avoid foreclosing possible bases for relief; it must actually suggest that the plaintiff has a right to

relief . . . by providing allegations that 'raise a right to relief above the speculative level.'" *Concentra Health Servs.*, 496 F.3d at 777 (quoting *Bell Atl.*, 550 U.S. at 555).

Nevertheless, *Bell Atlantic* did not do away with the liberal federal notice pleading standard. *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007). A complaint still need not contain detailed factual allegations, *Bell Atl.*, 550 U.S. at 555, and it remains true that "[a]ny district judge (for that matter, any defendant) tempted to write 'this complaint is deficient because it does not contain . . .' should stop and think: What rule of law *requires* a complaint to contain that allegation?" *Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005) (emphasis in original). Nevertheless, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl.*, 550 U.S. at 555. If the factual detail of a complaint is "so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8," it is subject to dismissal. *Airborne Beepers*, 499 F.3d at 667.

The Court need only address the IDOA's immunity argument because the Eleventh Amendment clearly bars Anderson's claims against the IDOA. The Eleventh Amendment to the Constitution prohibits a private party from filing suit in a federal court against a state, including a state agency, unless one of the following exceptions is present: (1) the state has unequivocally waived Eleventh Amendment immunity and consented to suit in federal court; (2) Congress unequivocally abrogated the state's Eleventh amendment immunity; or (3) the suit is for prospective injunctive relief. *Kroll v. Bd. of Trustees of Univ. of Ill.*, 934 F.2d 904, 906-07 (7th Cir. 1991).

Anderson's claims against the IDOA do not fall within any of the enumerated exceptions. First, the Court notes Anderson makes no argument that an exception to sovereign immunity

applies to any of the causes of action alleged in his complaint.[2]  The state has not consented to suit or waived its Eleventh Amendment immunity, and Congress has not abrogated the IDOA's immunity from suit.  The Eleventh Amendment clearly bars Anderson's claim arising under 42 U.S.C. § 1986 against the IDOA.  *See Keri v. Bd. of Trustees of Purdue Univ.*, 458 F.3d 620, 640-41 (7th Cir. 2006).  Finally, Anderson does not seek prospective injunctive relief.  As such, the Court must dismiss the claims against the IDOA and need not consider the IDOA's remaining arguments

   3. Conclusion

For the foregoing reasons, the Court

- **GRANTS** the IDOA's motion to dismiss (Doc. 10); and
- **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:** May 19, 2014

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**

---

[2] Anderson makes arguments concerning the abrogration of states' immunity under Title IX, Title VI, and § 504 of the Rehabilitation Act; however, the causes of action in his complaint do not arise under those statutes.

5